| | | |
|---|---|---|
| 1 | RUSS, AUGUST & KABAT | COOLEY LLP |
| 2 | Marc A. Fenster (CA Bar No. 181067) | Heidi Keefe (178960) |
| | Benjamin T. Wang (CA Bar No. 228712) | (hkeefe@cooley.com) |
| 3 | Neil A. Rubin (CA Bar No. 250761) | Lowell Mead (223989) |
| | James S. Tsuei (CA Bar No. 285530) | (lmead@cooley.com) |
| 4 | 12424 Wilshire Boulevard, 12th Floor | Priya B. Viswanath (238089) |
| | Los Angeles, California  90025 | (pviswanath@cooley.com) |

RUSS, AUGUST & KABAT
Marc A. Fenster (CA Bar No. 181067)
Benjamin T. Wang (CA Bar No. 228712)
Neil A. Rubin (CA Bar No. 250761)
James S. Tsuei (CA Bar No. 285530)
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California  90025
Telephone: (310) 826-7474
Facsimile:  (310) 826-6991
mfenster@raklaw.com
bwang@raklaw.com
nrubin@raklaw.com
jtsuei@raklaw.com

*Attorneys for Plaintiff*
Corephotonics, Ltd.

COOLEY LLP
Heidi Keefe (178960)
(hkeefe@cooley.com)
Lowell Mead (223989)
(lmead@cooley.com)
Priya B. Viswanath (238089)
(pviswanath@cooley.com)
3175 Hanover Street
Palo Alto, California  94304
Telephone:    (650) 843-5000
Facsimile:    (650) 849-7400

COOLEY LLP
Phillip Morton (*Pro Hac Vice* pending*)*
(pmorton@cooley.com)
1299 Pennsylvania Avenue
NW, Suite 700
Washington, DC 20004-2400
Telephone:  (202) 842-7800
Facsimile:    (202) 842-7899

*Attorneys for Defendant*
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COREPHOTONICS, LTD.,<br><br>                    Plaintiff,<br><br>        v.<br><br>APPLE INC.,<br><br>                    Defendant. | Case No.  5:19-cv-4809-LHK<br><br>Related Case Nos.<br>17-cv-06457-LHK<br>18-cv-02555-LHK<br><br>**JOINT CASE MANAGEMENT<br>CONFERENCE STATEMENT**<br><br>Date: February 12, 2020<br>Time: 2:00 p.m.<br>Dept.: Courtroom 8<br>Judge: Honorable Lucy H. Koh<br>Date Filed: August 14, 2019 |

Under Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, Patent Local Rule 2-1, the Standing Order for All Judges of the Northern District of California for Contents of a Joint Case Management Statement effective October 11, 2017, and this Court's Order Relating Cases (Dkt. No. 16) and order granting the parties' stipulation to continue the case management conference (Dkt. No. 21), Plaintiff Corephotonics, Ltd. ("Corephotonics") and Defendant Apple Inc. ("Apple") jointly submit this Case Management Statement in anticipation of the Case Management Conference scheduled for February 12, 2020.

I.   **JURISDICTION AND SERVICE**

This is a patent infringement action. This Court has subject matter jurisdiction over this action at least under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b). All named parties have been served and there are no unresolved issues relating to service of process.

II.   **FACTS**

On October 14, 2019, Corephotonics brought a patent infringement suit against Apple in the United States District Court for the Northern District of California. In this case, Corephotonics contends that Apple has and continues to willfully infringe four of Corephotonics' patents relating to smartphone camera technology, in particular, small form-factor telephoto lens assembly and dual lens control and imaging technologies. The patents in suit are United States Patent Nos. 9,661,233 (the "'233 patent"), 10,230,898 (the "'898 patent"), 10,233,840 (the "'840 patent"), 10,317,647 (the "'647 patent"), 10,324,277 (the "'277 patent"), 10,330,897 (the "'897 patent"), 10,225,479 (the "'479 patent"), 10,015,408 (the "'408 patent"), 10,356,332 (the "'332 patent"), and 10,326,942 (the "'942 patent") (collectively "the Asserted Patents"). Corephotonics respectfully directs the Court to Corephotonics' Complaint (*see* Dkt. No. 1), which provides a detailed description of Corephotonics' claims in this case.

The Asserted Patents are related to the patents currently asserted by Corephotonics against Apple in two previously-filed actions in this Court, which are respectively numbered 17-cv-06457-LHK and 18-cv-02555-LHK. On October 7, 2019, the Court issued an order relating this case with Corephotonics' two previously-filed actions. Dkt. 16.

III.   **LEGAL ISSUES**

The principal disputed legal issues are:

- Whether any of the accused products identified in Corephotonics' Complaint (Dkt. No. 1) and Infringement Contentions to be served on Apple pursuant to P.L.R. 3-1 directly or indirectly infringe any asserted claims of the Asserted Patents, literally or under the doctrine of equivalents;

- Whether Apple induced infringement of the Asserted Patents by its customers or others within the United States;

- Whether Apple's infringement of the Asserted Patents was and continues to be willful;

- Whether any or all of the claims of the Asserted Patents are invalid and/or unenforceable;

- Whether any or all of the claims of the Asserted Patents are patent-ineligible;

- Construction of any disputed patent claim terms from the Asserted Patents;

- Whether this case is exceptional under 35 U.S.C. § 285;

- Whether Corephotonics is entitled to damages, and if so the amount;

- Whether Corephotonics is entitled to injunctive relief to prevent Apple's continuing infringement.

IV.   **MOTIONS**

No motions have been filed by either side.

<u>Corephotonics' Anticipated Motion to Amend Complaint</u>:

**Corephotonics' Statement:** Corephotonics was issued U.S. Patent Nos. 10,437,020 (the "'020 patent") and 10,488,630 (the "'630 patent") on, respectively, October 8, 2019 and November 26, 2019. Both '020 and '630 patents issued from continuation applications of several of the Asserted Patents, including the '897 patent and '647 patent. The '020 and '630 patents are also related by continuation to patents asserted in the previously-filed actions, such as U.S. Patent Nos. 9,568,712 (the "'712 patent") and 9,857,568 (the "'568 patent"). Based on Corephotonics' investigation, Apple's iPhone 7 Plus, 8 Plus, X, XS, XS Max, 11, 11 Pro, and 11 Pro Max, each infringe one or more claims of the '020 and '630 patents.

**Apple's Statement:** Apple disagrees with Corephotonics' proposal to amend the Complaint to add two more patents to this ten patent case.   Corephotonics' proposed amendment will expand its litigation campaign, which started with four patents in 2017, to seventeen patents spread across three related district court cases and numerous IPR proceedings at various stages, including three final written decisions of invalidity to date that Corephotonics has appealed.

When Corephotonics first raised this motion with Apple's counsel, Apple offered that it would agree to the motion if Corephotonics would agree to extend the stay in the 17-cv-06457 and 18-cv-02555 cases to the present case.  An extension of the existing stay to this case would be most efficient because (1) the asserted patents are related and directed to similar and overlapping subject matters; (2) all of the asserted patents have at least some common inventors; and (3) the three cases involve overlapping products and significant common discovery.   Moreover, as Apple did for the patents asserted in the related 17-cv-06457 and 18-cv-02555 cases, Apple is currently in the process of filing IPR petitions on all of the patents asserted in this case (3:19-cv-4809).  As of the date of this Statement, Apple has filed two IPR petitions (IPR2020-00488 and IPR2020-00489, both challenging certain claims of U.S. Patent No. 10,015,408).  Because some of the patents only recently issued, they are not eligible for IPR until nine months after issuance.  Apple plans to diligently file IPRs for the remaining patents between now and mid-April 2020, when each patent becomes eligible for IPR.

Tellingly, Corephotonics did not agree to Apple's proposal of extending the stay.   More troubling, Corephotonics indicated that the serial addition of patents to its litigation campaign will have no end: stating that it "cannot commit 'that Corephotonics will not assert any additional patents against Apple,'…Corephotonics may find it necessary to assert additional patents in the future."

Apple believes that this litigation campaign should not be further expanded by adding more patents and respectfully requests that the Court extend the stay in the 17-cv-06457 and 18-cv-02555 cases to the 19-cv-04809 case.   Apple expects to more fully brief these issues, including the efficiencies to be achieved by maintaining the stay, in opposition to the motion to lift the stay of litigation that Corephotonics has indicated it plans to file.

Corephotonics' Anticipated Motion to Lift Stay in Case Nos. 17-cv-06457-LHK and 18-cv-02555-LHK:

**Corephotonics' Statement:** On December 6, 2019, Corephotonics filed a Notice of Completion of Inter Partes Review which requested a status conference with the Court. *See* Dkt. 105, 17-cv-06457-LHK. As Corephotonics explained therein, all but one of the *inter partes* reviews filed by Apple have terminated. The remaining IPR brought by Apple is IPR2019-00030, challenging the '568 patent, which is asserted in related case 18-cv-02555-LHK. A Final Written Decision in that IPR is due no later than April 16, 2020.

Lifting the stay entered by the Court on December 14, 2018 (Dkt. 100, 17-cv-06457-LHK), which would allow Corephotonics' claims of infringement of the '712, '291, and '568 patents to proceed, is appropriate. The PTAB found that Apple failed to show the unpatentability of claims of the '712 and '291 patents in IPR, so Apple is subject to statutory IPR estoppel as to the validity of those patents. Though the Final Written Decision in the -00030 IPR has not yet issued, there is little risk of inefficiency if Corephotonics' claim of infringement of the '568 patent is allowed to proceed, as the '568 patent poses no unique legal or factual issues separate from those posed by the '712 patent. In particular, the sole disputed claim term from the '568 patent ("total track length (TTL)") is also disputed in the '712 and will need to be construed by the Court regardless of the result in the -00030 IPR. If the Final Written Decision in the -00030 IPR finds the unpatentability of any claim of the '568 patent, Corephotonics will not assert infringement of those claims pending the resolution of any appeals the parties elect from the outcome in the -00030 IPR.

**Apple's Statement:** Apple plans to oppose Corephotonics' planned motion to lift the stay in the related 17-cv-06457 and 18-cv-02555 cases. Since many of the patent claims in those cases have been held invalid in IPR, subject to appeals and additional ongoing IPR proceedings, Corephotonics' proposal would result in the related 17-cv-06457 and 18-cv-02555 cases having discovery, claim construction, summary judgment and trial conducted in piecemeal. The most appropriate course is to maintain the stay until all of the IPR proceedings and any related appeals to the Federal Circuit have concluded.

All of the asserted patents in the 17-cv-06457 and 18-cv-02555 cases are at different stages of the IPR process. All of the asserted claims of two of the patents ('152 and '032) were found unpatentable, and Corephotonics has appealed those findings to the Federal Circuit. Half of the

1    asserted claims in another patent ('712) were found unpatentable; Apple is appealing the subset of

2    claims that were not found unpatentable.  Finally, the IPR on one patent ('568) will not even have a

3    Final Written Decision issued until April 16, 2020.  Corephotonics does not address what the Court

4    should do with the claims that were found unpatentable in IPR, or what the Court should do with

5    claims whose validity are subject to an appeal to the Federal Circuit (which may involve further

6    remand proceedings).  Instead, Corephotonics' proposal to rush to lift the stay and put a subset of

7    claims on a fast track to trial would inevitably result in a waste of the Court's and the parties' resources

8    by requiring that every case activity be performed in duplicate (or possibly triplicate if the 19-cv-4809

9    case schedule is not aligned with 17-cv-06457 and 18-cv-02555).

10        Corephotonics' Anticipated Motion to Amend Infringement Contentions in Case Nos. 17-cv-

11   06457-LHK and 18-cv-02555-LHK:

12        **Corephotonics' Statement:** As indicated in the September 20, 2018 Joint Case Management

13   Statement (Dkt. 84 § IV, 17-cv-06457-LHK), Corephotonics planned to file a motion to amend its

14   infringement contentions to add Apple's iPhone XS and XS Max to the case as accused products for

15   the '712 and '568 patents. The parties were in the midst of meeting and conferring on this issue when

16   the Court entered the stay.

17        If the Court lifts the stay, Corephotonics will meet and confer with Apple about adding the

18   iPhone XS and XS Max to the case. In addition, Corephotonics will confer with Apple on adding the

19   11 Pro and 11 Pro Max models as accused products for the '712 patent, which is currently asserted in

20   both the 17-cv-06457-LHK and 18-cv-02555-LHK cases. The iPhone 11, 11 Pro, and 11 Pro Max

21   products were announced on September 10, 2019. Based on Corephotonics' investigation and review

22   of publicly available materials, the iPhone 11 Pro and 11 Pro Max products infringe at least claim 14

23   of the '712 patent.

24        **Apple's Statement:** As discussed above, Apple opposes lifting the stay in the 17-cv-06457

25   and 18-cv-02555 cases.  If the Court lifts the stay, Apple will meet and confer in good faith with

26   Corephotonics on any proposed amendments to contentions.

27

28   **V.    AMENDMENTS OF PLEADINGS**

**Corephotonics' Statement:** As explained above in Section IV, Corephotonics anticipates seeking the Court's permission to amend its Complaint to add claims of infringement of the '020 and '630 patents.

**Apple's Statement:** As explained above in Section IV, Apple disagrees with Corephotonics' request to amend the complaint to include the '020 and '630 patents. Apple believes that the current stay in the 17-cv-06457 and 18-cv-02555 cases should be extended to this case.

## VI.    EVIDENCE PRESERVATION

The parties have reviewed the District's Guidelines Relating to Electronically Stored Information ("ESI"). The parties have met and conferred regarding taking reasonable and proportional steps to preserve evidence relevant to the issues reasonably evident in this action.

## VII.    DISCLOSURES

The parties have not yet served their initial disclosures. The parties have agreed to serve their initial disclosures pursuant to Fed. R. Civ. P. 26 on or before February 26, 2020.

## VIII.    DISCOVERY

### A.    Discovery to Date

No discovery has occurred as of the date of the filing of this Case Management Statement.

### B.    E-Discovery Order and Protective Order Issues

The parties agree that the ESI Order and Protective Order issued by the Court in related case 17-cv-06457-LHK will govern this action as well. *See* Dkt. 77 and 78, 17-cv-06457-LHK.

### C.    Issues Relating to Privilege and Privilege Log

The parties will work cooperatively to reach agreement on issues concerning privilege and privilege logs that is consistent with the needs of the case.

### D.    Scope of Anticipated Discovery

Pursuant to Rule 26(b)(1), the parties anticipate that the scope of discovery will encompass the factual and legal issues identified in the detailed description of Corephotonics' claims of Apple's willful infringement of the Asserted Patents provided in its Complaint (Dkt. No. 1), including any unique issues presented by Corephotonics' claims of infringement of the '020 and '630 patents if they are added to the case.

E.     **Changes to Discovery Limitations**

The parties agree that a one-day, seven hour deposition of an individual deposed in both their individual capacity and in their capacity as a 30(b)(6) representative counts as a single deposition for the purposes of the limit of ten party depositions as in Fed. R. Civ. P. 30(a).  The parties further agree that the depositions of expert witnesses should not count towards the ten deposition limit.  The parties currently do not propose any changes to the default discovery limitations. To the extent the cases are not stayed, the parties will confer about consolidating aspects of discovery between this case and the previously-filed cases, and will bring any proposed changes to discovery limitations to the Court's attention at an appropriate time.

IX.     **CLASS ACTION**

This case is not a class action.

X.     **RELATED CASES**

On October 7, 2019, the Court issued an order relating this case with Corephotonics' two previously-filed actions at 17-cv-06457-LHK and 18-cv-02555-LHK. *See* Dkt. 16.

XI.     **RELIEF**

**Corephotonics' Statement:** Corephotonics seeks a finding of an award of damages resulting from the acts of Apple's infringement, including, without limitation, no less than a reasonable royalty pursuant to 35 U.S.C. § 284, together with interests and costs; an award of enhanced damages pursuant to 35 U.S.C. § 284 due to Apple's willful infringement; injunctive relief against Apple engaging in infringement of the Asserted Patents; Corephotonics' costs; and such other relief at law and in equity as the Court may deem just and proper. Corephotonics further outlines its claims for damages below. Corephotonics further seeks a finding that this is an exceptional case under 35 U.S.C. § 285 and an award of Corephotonics' reasonable attorney's fees in connection with this action. Insofar as the Court does not enter a permanent injunction, Corephotonics seeks a compulsory forward royalty.

**Apple's Statement:** Apple denies the allegations of infringement, including willful infringement, and contends that the asserted patent claims are invalid.  Apple has not asserted any counterclaims to date, and it does not currently seek any damages.  Apple reserves the right to seek an award of costs, expenses, and/or reasonable attorneys' fees in connection with this action should this

prove to be an exceptional case, as well as any other award that the Court deems just and proper.

## XII.   SETTLEMENT AND ADR

The parties are scheduled to conduct mediation with the Hon. Mag. Judge Gandhi (Ret.) on February 11, 2020, at JAMS in downtown Los Angeles.

## XIII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to have a magistrate conduct all further proceedings including trial and entry of judgment.

## XIV.   OTHER REFERENCES

At this time, the parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV.   NARROWING ISSUES

Given the early stage of the case, the parties are not aware of any issue that can be narrowed by agreement or by motion.  Currently, the parties have no suggestions to expedite the presentation of evidence at trial or any requests to bifurcate issues, claims, or defenses.

## XVI.   EXPEDITED TRIAL PROCEDURE

At this time, the parties do not believe that this case is appropriate for the Expedited Trial Procedure of General Order No. 64 Attachment A.

## XVII. SCHEDULING

**Corephotonics' Statement**: Corephotonics proposes the following case schedule subject to the Court's approval.

**Apple's Statement**: As discussed above, it is Apple's position that no case schedule should be entered until all IPR proceedings involving the Corephotonics patent portfolio are completed, including appeals, to serve judicial economy and avoid wasteful, duplicative litigation.   To the extent the Court decides to move forward with entering a schedule in this case, Apple proposes alternative dates below that allow for sufficient time to address discovery and contentions involving at least ten patents.

| Scheduled Event | Corephotonics' Proposed Date | Apple's Proposed Date if No Stay Entered |
|---|---|---|
| Initial Case Management Conference | February 12, 2020 | February 12, 2020 |
| Deadline to serve infringement contentions and accompanying production (Pat. L.R. 3-1 and 3-2) | February 26, 2020 | February 26, 2020 |
| Last day for parties to serve initial disclosures | February 26, 2020 | February 26, 2020 |
| Deadline to serve invalidity contentions and accompanying production (Pat. L.R. 3-3 and 3-4) | April 13, 2020 | May 27, 2020 |
| Deadline to exchange terms for claim construction (Pat. L.R. 4-1) | April 27, 2020 | June 10, 2020 |
| Deadline to exchange proposed constructions and extrinsic evidence (Pat. L.R. 4-2) | May 18, 2020 | July 1, 2020 |
| Deadline to serve Damages Contentions (Pat. L.R. 3-8) | June 2, 2020 | July 15, 2020 |
| Deadline to file Joint Claim Construction and Prehearing Statement (Pat. L.R. 4-3) | June 5, 2020 | July 22, 2020 |
| Deadline to serve Responsive Damages Contentions (Pat. L.R. 3-9) | July 2, 2020 | July 31, 2020 |
| Deadline to complete claim construction discovery (including depositions of experts who submitted declarations in support of claim construction positions) (Pat. L.R. 4-4) | July 6, 2020 | August 19, 2020 |
| Claim construction briefing (Pat. L.R. 4-5) | Corephotonics Opening Brief: July 20, 2020 Apple Responsive Brief: August 3, 2020 Corephotonics Reply Brief: August 10, 2020 | Corephotonics' Opening Brief: September 2, 2020 Apple's Responsive Brief: September 16, 2020 Corephotonics' Reply Brief: September 23, 2020 |

| Scheduled Event | Corephotonics' Proposed Date | Apple's Proposed Date if No Stay Entered |
|---|---|---|
| Technology Tutorial | August 20, 2020 (Thursday) (subject to the Court's availability) | October 2020 (subject to Court's availability) |
| Claim Construction Hearing (Pat. L.R. 4-6) | August 27, 2020 (Thursday) (subject to the Court's availability) | November 2020 (subject to Court's availability) |
| Close of Fact Discovery | October 2, 2020 | February 19, 2021 |
| Opening Expert Reports due | November 4, 2021 | March 19, 2021 |
| Rebuttal Expert Reports due | November 25, 2021 | April 23, 2021 |
| Close of Expert Discovery | December 30, 2021 | May 28, 2021 |
| Deadline to file dispositive motions and *Daubert* motions | January 29, 2021 | June 25, 2021 |
| Answering dispositive motion and *Daubert* briefs | February 26, 2021 | July 16, 2021 |
| Reply dispositive motion and Daubert briefs | March 12, 2021 | August 6, 2021 |
| Hearing on dispositive motions | April 8, 2021 (Thursday) (subject to the Court's availability) | September 2021 (Subject to the Court's availability) |
| Final pretrial conference | June 10, 2021 (Thursday) (subject to the Court's availability) | October 2021 (Subject to the Court's availability) |
| Jury trial | July 5, 2021 (Monday) (subject to the Court's availability) | November 2021 (Subject to the Court's availability) |

**Corephotonics' Proposed Schedule for the Previously-Filed Cases**:

**Corephotonics' Statement:** If the Court lifts the stay in the 17-cv-06457-LHK and 18-cv-02555-LHK cases, Corephotonics proposes the following case schedule for those cases.

**Apple's Statement**: As discussed above, Apple does not believe the stay should be lifted in the related cases 17-cv-06457-LHK or 18-cv-02555-LHK. To the extent the Court lifts the stay while IPR appeals are pending, Apple proposes that the case schedule in 17-cv-06457-LHK and 18-cv-02555-LHK should be aligned with the dates Apple proposed above for 19-cv-04809-LHK. By aligning the schedules, the Court will not need to waste resources conducting multiple Markman

hearings, summary judgment hearings and trials across patents that share numerous common issues and facts.

| Scheduled Event | Corephotonics' Proposed Date | Apple's Proposed Date if Stay is Lifted |
|---|---|---|
| Claim construction briefing (Pat. L.R. 4-5) | • Corephotonics Reply Brief: February 19, 2020<br>• Parties' simultaneous Supplemental Briefs in view of PTAB Proceedings (limited to 7 pages): March 4, 2020 | • Corephotonics Reply Brief: September 23, 2020<br>• Parties' simultaneous Supplemental Briefs in view of PTAB Proceedings (limited to 7 pages): October 7, 2020 |
| Claim Construction Hearing (Pat. L.R. 4-6) | April 2, 2020 (Thursday) (subject to the Court's availability) | November 2020 (subject to Court's availability) |
| Close of Fact Discovery | June 23, 2020 | February 19, 2021 |
| Opening Expert Reports due | July 14, 2020 | March 19, 2021 |
| Rebuttal Expert Reports due | August 11, 2020 | April 23, 2021 |
| Close of Expert Discovery | August 25, 2020 | May 28, 2021 |
| Deadline to file dispositive motions and *Daubert* motions | September 15, 2020 | June 25, 2021 |
| Answering dispositive motion and *Daubert* briefs | October 6, 2020 | July 16, 2021 |
| Reply dispositive motion and Daubert briefs | October 16, 2020 | August 6, 2021 |
| Hearing on dispositive motions | November 5, 2021 (Thursday) (subject to the Court's availability) | September 2021 (Subject to the Court's availability) |
| Final pretrial conference | December 3, 2020 (Thursday) (subject to the Court's availability) | October 2021 (Subject to the Court's availability) |
| Jury trial (five days) | January 4, 2021 (Monday) (subject to the Court's availability) | November 2021 (Subject to the Court's availability) |

## XVIII. TRIAL

Corephotonics and Apple have demanded that the case be tried by jury. The parties understand that the Court holds trial Mondays, Tuesday, and Fridays from 9:00 am to 4:30 pm. To the extent that a trial occurs, the parties currently expect that trial will take approximately five (5) days.

## XIX.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Pursuant to paragraph 19 of the Standing Order for All Judges re Contents of Joint Case Management Statement, the parties have filed Certifications of Interested Entities or Persons as required by Local Rule 3-15.

**Corephotonics' Statement**: Samsung Electronics Benelux B.V. owns a majority of the outstanding shares of Corephotonics. No publicly-held corporation owns 10% or more of Corephotonics's stock. *See* Dkt. 8.

## XX.   PROFESSIONAL CONDUCT

The parties confirm that all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI.   OTHER MATTERS

Pursuant to Patent Local Rule 2-1, the parties have also met and conferred regarding the following additional matters:

> **a.   Patent Local Rule 2-1(b)(1):** *Proposed modification of the obligations or deadlines set forth in the Patent Local Rules*

The parties have proposed a schedule for patent disclosures and claim construction in accordance with the Patent Local Rules, with certain modifications, as set forth above.

> **b.   Patent Local Rule 2-1(b)(2):** *The scope and timing of any claim construction discovery including disclosure of and discovery from any expert witness permitted by the Court*

Without admitting that expert testimony is necessary, appropriate, or admissible, the parties propose a deadline for the disclosure of any expert declaration in connection with claim construction as set forth in the schedule proposed above.

> **c.   Patent Local Rule 2-1(b)(3):** *The format of the claim construction hearing, including whether the Court will hear live testimony, the order of presentation, and the estimated length of the hearing*

At this time, the parties estimate three hours for the claim construction hearing.  Subject to the Court's preference, the parties propose that they present arguments on a term-by-term basis, following an order of claim terms that the parties will negotiate prior to the claim construction

hearing.  The parties propose providing the Court with a joint letter two weeks before the claim construction hearing to advise the Court on the preferred order of terms for presentation and whether live testimony will be needed.

> **d.  Patent Local Rule 2-1(b)(4):** *How the parties intend to educate the Court on the technology at issue*

The parties have proposed a date for a technical tutorial one week before the claim construction hearing.

> **e.  Patent Local Rule 2-1(b)(5):** *Non-binding, good-faith estimate of damages range*

Corephotonics' Statement: The precise calculation of Corephotonics' damages depends on information that is not presently in Corephotonics' possession. While Corephotonics reserves the right to rely on licenses or other agreements which are comparable to a license that would result from a hypothetical reasonable royalty negotiation, and it will identify such licenses in its possession, control, or custody pursuant to P.L.R. 3-2(g), Corephotonics anticipates further discovery regarding the following and other matters with respect to the computation of the damages due to Corephotonics, by way of example:

(i) license or other agreements in Apple's possession which may be comparable to a license that would result from a hypothetical reasonable royalty negotiation,

(ii) the extent of Apple's infringement of Corephotonics' Asserted Patents and its impact,

(iii) Apple's financial and sales data concerning products accused of infringement,

(iv) information relating to the value, benefit, sales and profit that Apple derived from the infringing features of Apple's products accused of infringement, including, by way of example, analyses and information related to the pricing of Apple products and accused features, and competing products and features; market analyses, market projections and market forecasts performed by or on behalf Apple; Apple's sales and marketing practices; and Apple's market research, consumer research, surveys, business analytics, projections, and metrics concerning Apple's products and the accused features, as well as competing products and features, and

1    (v) the extent to which Apple's infringement drives or assists Apple in the sale of non- patented

2    features and products.

3    Corephotonics further notes that damage computations will be the subject of expert

4    testimony. Further, the damages, costs and attorneys' fees due to Corephotonics will continue to

5    accrue during the course of this litigation making the computation premature.

6    <u>Apple's Statement</u>: Apple contends that it does not infringe the Asserted Patents and that the

7    asserted claims of the Asserted Patents are invalid.  On that basis, Apple believes that Corephotonics

8    is entitled to no damages.  Additional factors supporting Apple's contention include the limited scope

9    of the claimed inventions; that any differences between the Asserted Patents and the prior art are trivial

10   and Apple's patent licensing history.  To the extent Corephotonics is due any damages for the alleged

11   infringement (which Corephotonics does not specify in its "non-binding, good-faith estimate" above),

12   additional discovery is necessary for Apple to provide a more specific expected damages range,

13   including Corephotonics' service of infringement contentions, discovery regarding Samsung's

14   acquisition of Corephotonics and any related license obligations, discovery regarding any valuations

15   of Corephotonics and/or its patent portfolio related to the Samsung acquisition, discovery from

16   Corephotonics concerning its licensing policies and practices (if any), and Corephotonics' production

17   of agreements concerning the license or transfer of any rights in the Asserted Patents (including the

18   financial terms on which those rights were conveyed).  Apple intends to offer expert testimony on

19   damages at the appropriate time.

20

21

22

23

24

25

26

27

28

1    Dated:  February 5, 2020                    RUSS AUGUST & KABAT

2

3                                                /s/ Marc Fenster
                                                 Marc A. Fenster
4                                                Attorneys for Plaintiff Corephotonics,
                                                 LTD.
5

6                                                COOLEY LLP

7

8                                                /s/ Heidi Keefe*

9                                                Heidi Keefe
                                                 Attorneys for Defendant Apple Inc.
10

11

12

13
     * All signatories hereto have concurred in the
14   filing of this document.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

### **CERTIFICATE OF SERVICE**

2          I certify that counsel of record who are deemed to have consented to electronic service are

3   being served on February 5, 2020, with a copy of this document via the Court's CM/ECF systems per

4   Local Rule CV-5.  Any other counsel will be served by electronic mail, facsimile, overnight delivery

5   and/or First Class Mail on this date.

6

7                                        _____ /s/ *James S. Tsuei* _____

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28