United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COREPHOTONICS, LTD., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Case No. 19-CV-04809-LHK <br><br> **ORDER STAYING CASE AND CONTINUING CASE MANAGEMENT CONFERENCE** <br><br> Re: Dkt. No. 26 |

On November 6, 2017, Plaintiff Corephotonics, Ltd. ("Corephotonics") sued Defendant Apple, Inc. ("Apple") for infringement of four patents. *Corephotonics, Ltd. v. Apple, Inc.*, Case No. 17-cv-6457-LHK, ECF No. 1 (N.D. Cal. Nov. 6, 2017).

On April 30, 2018, Corephotonics sued Apple for infringement of two patents, one of which was included in the earlier suit. *Corephotonics, Ltd. v. Apple, Inc.*, Case No. 18-cv-2555-LHK, ECF No. 1 (N.D. Cal. April 30, 2018).

On August 14, 2019, Corephotonics sued Apple in the instant action for infringement of ten patents. ECF No. 1. In the parties' February 5, 2020 joint case management statement, Corephotonics states that it intends to amend the complaint to add two additional patents. ECF No. 26 at 3.

1
Case No. 19-CV-04809-LHK
ORDER STAYING CASE AND CONTINUIING CASE MANAGEMENT CONFERENCE

The parties acknowledge that the ten patents asserted in the instant action are related to the patents asserted in the two previously filed actions. *Id.* at 2. As a result, on October 7, 2019, the Court related the instant action to the two previously filed actions. ECF No. 16.

In addition, the two patents Corephotonics seeks to add to the instant action are continuations of two patents asserted in the previously filed actions. ECF No. 26 at 3. Of the two previously asserted patents, one is the subject of an inter partes review ("IPR"), and a final written decision is due no later than April 16, 2020. ECF No. 26 at 5. The PTAB found that half of the asserted claims of the other patent were unpatentable, and Apple is appealing the PTAB's ruling that the remaining claims were not unpatentable. *Id.* at 5-6.

Moreover, Apple states that the PTAB found that all of the asserted claims of two patents asserted in Corephotonics' first filed action were unpatentable and that Corephotonics is appealing those findings. *Id.* at 5.

Finally, Apple states that it is currently in the process of filing IPR petitions on all ten of the patents asserted in the instant action. *Id.* at 4. However, because some of the patents were recently issued, Apple cannot file IPR's for those patents until April 2020. *Id.*

Based on all the IPR and appeal activity, the Court has stayed the proceedings in the first two filed actions and considers whether a stay of the instant action is appropriate.

The power to stay proceedings in a case is a matter within the Court's discretion. *See Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 806 (N.D. Cal. 1998) (citing *Landis v. Am. Water Works & Elec. Co.*, 299 U.S. 248, 254-55 (1936)). "Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1035 (N.D. Cal. 2015) (quoting *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988)). Courts have recognized "a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *Id.* (citation omitted).

Courts consider three factors when determining whether to grant a stay pending IPR. The first factor is whether the litigation has progressed significantly enough for a stay to be disfavored.

*See AT&T Intellectual Prop. I v. Tivo, Inc.*, 774 F. Supp. 2d 1049, 1052 (N.D. Cal. 2011) (granting stay where parties had not exchanged expert reports and court had not held claim construction hearing).  Here, the case was filed on August 14, 2019, and the case is still in its infancy.  The Court has not yet held an initial case management conference or set a case schedule.  The parties have not briefed claim construction or dispositive motions.

The second factor is whether granting a stay could simplify the litigation.  *Finjan*, 139 F. Supp. 3d at 1035 (citation omitted).  "A stay may also be granted in order to avoid inconsistent results . . . or avoid needless waste of judicial resources."  *Evolutionary Intelligence LLC v. Apple, Inc.*, 2014 WL 93954, at *2 (N.D. Cal. Jan. 9, 2014).  The second factor weighs strongly in favor of a stay, given that the asserted patents are related to earlier asserted patents that are still subject to IPR or Federal Circuit appeal proceedings.  Thus, proceeding with the instant action may risk inconsistent results with the IPR and Federal Circuit proceedings.  *PersonalWeb Tech., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1027 (N.D. Cal. 2014) (noting that courts have stayed lawsuits pending IPR even where IPR was not yet instituted).  Moreover, all three actions involve overlapping products and significant common discovery.

Finally, the third factor—whether a stay prejudices Plaintiff or gives Defendant a clear tactical advantage—does not weigh against a stay at this early litigation stage.  *Id.* at 1029 (collecting cases for proposition that "delay necessarily inherent in any stay" does not constitute undue prejudice).  Moreover, there is no evidence of gamesmanship on Apple's part.

Therefore, the Court, in its discretion, hereby STAYS the instant action until the Court orders otherwise.  The Clerk shall administratively close the file.  This is a purely administrative procedure that does not affect the rights of the parties.

Finally, the Court continues the February 12, 2020 case management conference to May 13, 2020.  The parties shall file a joint case management statement by May 6, 2020.

**IT IS SO ORDERED.**

Dated: February 6, 2020

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge