RUSS, AUGUST & KABAT
Marc A. Fenster (CA Bar No. 181067)
Benjamin T. Wang (CA Bar No. 228712)
Neil A. Rubin (CA Bar No. 250761)
James S. Tsuei (CA Bar No. 285530)
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991
mfenster@raklaw.com
bwang@raklaw.com
nrubin@raklaw.com
jtsuei@raklaw.com

*Attorneys for Plaintiff*
Corephotonics, Ltd.

COOLEY LLP
Heidi Keefe (178960)
(hkeefe@cooley.com)
Lowell Mead (223989)
(lmead@cooley.com)
Priya B. Viswanath (238089)
(pviswanath@cooley.com)
3175 Hanover Street
Palo Alto, California 94304
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

COOLEY LLP
Phillip Morton (*Pro Hac Vice*)
(pmorton@cooley.com)
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 842-7800
Facsimile: (202) 842-7899

*Attorneys for Defendant*
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COREPHOTONICS, LTD.,<br><br>        Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>        Defendant. | Case No. 5:19-cv-4809-LHK<br><br>Related Case Nos.<br>17-cv-06457-LHK<br>18-cv-02555-LHK<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: May 13, 2020<br>Time: 2:00 p.m.<br>Dept.: Courtroom 8<br>Judge: Honorable Lucy H. Koh |

Under Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, Patent Local Rule 2-1, the Standing Order for All Judges of the Northern District of California for Contents of a Joint Case Management Statement effective October 11, 2017, this Court's Order Relating Cases (Dkt. No. 16) and order granting the parties' stipulation to continue the case management conference (Dkt. No. 21), and this Court's order continuing the initial case management conference from February 12, 2020 to May 13, 2020 (Dkt. No. 27), Plaintiff Corephotonics, Ltd. ("Corephotonics") and Defendant Apple Inc. ("Apple") jointly submit this Case Management Statement in anticipation of the Case Management Conference scheduled for May 13, 2020.

I. **JURISDICTION AND SERVICE**

This is a patent infringement action. This Court has subject matter jurisdiction over this action at least under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b). All named parties have been served and there are no unresolved issues relating to service of process.

II. **FACTS**

On October 14, 2019, Corephotonics brought a patent infringement suit against Apple in the United States District Court for the Northern District of California. In this case, numbered 19-cv-4809, Corephotonics contends that Apple has and continues to willfully infringe ten of Corephotonics' patents relating to smartphone camera technology, in particular, small form-factor telephoto lens assembly and dual lens control and imaging technologies. The patents in suit are United States Patent Nos. 9,661,233 (the "'233 patent"), 10,230,898 (the "'898 patent"), 10,233,840 (the "'840 patent"), 10,317,647 (the "'647 patent"), 10,324,277 (the "'277 patent"), 10,330,897 (the "'897 patent"), 10,225,479 (the "'479 patent"), 10,015,408 (the "'408 patent"), 10,356,332 (the "'332 patent"), and 10,326,942 (the "'942 patent") (collectively "the Asserted Patents"). Corephotonics respectfully directs the Court to Corephotonics' Complaint (*see* Dkt. No. 1), which provides a detailed description of Corephotonics' claims in this case.

The Asserted Patents in Case No. 19-cv-4809 are related to the five patents currently asserted by Corephotonics against Apple in two previously-filed actions in this Court, which are respectively

numbered 17-cv-06457-LHK and 18-cv-02555-LHK. On October 7, 2019, the Court issued an order relating this case with Corephotonics' two previously-filed actions. Dkt. 16.

A case management conference for this case was scheduled to occur on February 12, 2020. On February 6, 2020, Court issued an order staying this case and continued the February 12, 2020 case management conference to May 13, 2020. Dkt. 27.

Since the Court's Order Staying Case and Continuing Case Management Conference (Dkt. 27), Apple has filed IPR petitions challenging all of the patents asserted in this case (19-cv-4809):

| **Asserted Patent No.** | **PTAB IPR No.** | **Date Filed** |
|---|---|---|
| 9,661,233 | IPR2020-00487 | February 28, 2020 |
| 10,015,408 | IPR2020-00488 | February 5, 2020 |
|  | IPR2020-00489 |  |
| 10,225,479 | IPR2020-00905 | May 6, 2020 |
|  | IPR2020-00906 |  |
| 10,230,898 | IPR2020-00861 | May 6, 2020 |
| 10,288,840 | IPR2020-00877 | April 30, 2020 |
| 10,317,647 | IPR2020-00896 | May 5, 2020 |
| 10,324,277 | IPR2020-00897 | May 1, 2020 |
| 10,326,942 | IPR2020-00860 | May 1, 2020 |
| 10,330,897 | IPR2020-00878 | May 1, 2020 |
| 10,356,332 | IPR2020-00862 | May 6, 2020 |

### III. LEGAL ISSUES

The principal disputed legal issues are:

- Whether any of the accused products identified in Corephotonics' Complaint (Dkt. No. 1) and Infringement Contentions to be served on Apple pursuant to P.L.R. 3-1 directly or indirectly infringe any asserted claims of the Asserted Patents, literally or under the doctrine of equivalents;

- Whether Apple induced infringement of the Asserted Patents by its customers or others within the United States;
- Whether Apple's infringement of the Asserted Patents was and continues to be willful;
- Whether any or all of the claims of the Asserted Patents are invalid and/or unenforceable;
- Whether any or all of the claims of the Asserted Patents are patent-ineligible;
- Construction of any disputed patent claim terms from the Asserted Patents;
- Whether this case is exceptional under 35 U.S.C. § 285;
- Whether Corephotonics is entitled to damages, and if so the amount;
- Whether Corephotonics is entitled to injunctive relief to prevent Apple's continuing infringement.

## IV. MOTIONS

No motions have been filed by either side.

Corephotonics' Anticipated Motion to Amend Complaint:

**Corephotonics' Statement:** Corephotonics was issued U.S. Patent Nos. 10,437,020 (the "'020 patent") and 10,488,630 (the "'630 patent") on, respectively, October 8, 2019 and November 26, 2019. Both '020 and '630 patents issued from continuation applications of several of the Asserted Patents, including the '897 patent and '647 patent. The '020 and '630 patents are also related by continuation to patents asserted in the previously-filed actions, such as U.S. Patent Nos. 9,568,712 (the "'712 patent") and 9,857,568 (the "'568 patent"). Based on Corephotonics' investigation, Apple's iPhone 7 Plus, 8 Plus, X, XS, XS Max, 11, 11 Pro, and 11 Pro Max, each infringe one or more claims of the '020 and '630 patents.

**Apple's Statement:** Apple disagrees with Corephotonics' proposal to amend the Complaint to add two more patents to this ten patent case, which is currently stayed. Corephotonics identifies no pressing need for the Court to address this issue now, given that Corephotonics appears to agree with Apple that this case (No. 19-cv-4809) should remain stayed pending resolution of Apple's IPRs and does not propose a schedule for this case. Corephotonics' proposed amendment would expand its litigation campaign, which started with four patents in 2017, to seventeen patents spread across three

related district court cases and numerous IPR proceedings at various stages, including four final written decisions of invalidity, two of which Corephotonics has appealed. Consistent with this Court's prior order staying this case, Corephotonics' proposal to add yet more patents should be addressed (if at all) after the resolution of the IPRs of the previously-asserted patents of which the proposed additions are continuations. Dkt. 27 at 2.

Continuing the existing stay for all three Corephotonics cases—and deferring any motion to amend until Apple's IPRs are resolved—would continue to be the most efficient and prudent course for the parties' already-sprawling litigation for all the same reasons stated in the Court's Order that granted the existing stay, including because: (1) the asserted patents are related and directed to similar and overlapping subject matters; (2) all of the asserted patents have at least some common inventors; and (3) the three cases involve overlapping products and significant common discovery. Dkt. 27 at 3. Indeed, since that Order, and as Apple did for the patents asserted in the related 17-cv-06457 and 18-cv-02555 cases, Apple has filed IPR petitions on all of the patents asserted in this case (3:19-cv-4809).

Troublingly, Corephotonics has not wavered from its prior suggestion that the serial addition of patents to its litigation campaign will have no end, having stated that it "cannot commit 'that Corephotonics will not assert any additional patents against Apple,'…Corephotonics may find it necessary to assert additional patents in the future." Apple believes that this litigation campaign should not be expanded serially ad infinitum and respectfully requests that the Court maintain the stay in all three Corephotonics cases (17-cv-06457, 18-cv-02555 and 19-cv-04809). If the Court desires briefing on these issues, Apple will explain further why these cases should all remain stayed together, including the efficiencies to be achieved by doing so, in opposition to the motion to lift the stay of Case Nos. 17-cv-06457 and 18-cv-02555 (but not 19-cv-04809) that Corephotonics has indicated it plans to file.

<u>Corephotonics' Anticipated Motion to Lift Stay in Case Nos. 17-cv-06457-LHK and 18-cv-02555-LHK and Apple's Cross-Motion to Continue Stay of Case No. 19-cv-4809</u>:

**Corephotonics' Statement:** On December 6, 2019, Corephotonics filed a Notice of Completion of Inter Partes Review which requested a status conference with the Court. *See* Dkt. 105, 17-cv-06457-LHK. Corephotonics explained therein that, at the time, all but one of the *inter partes* reviews filed by Apple had terminated. The remaining IPR, IPR2019-00030 (which challenged the

JOINT CASE MANAGEMENT CONFERENCE
STATEMENT                                           5                                    5:19-CV-4809-LHK

| | |
|---|---|
| 1 | '568 patent), resulted in a Final Written Decision on April 6, 2020 that found the challenged claims |
| 2 | unpatentable. |
| 3 |       Corephotonics intends to move the Court to lift the stay entered by the Court on December 14, |
| 4 | 2018 (Dkt. 100, 17-cv-06457-LHK) to allow Corephotonics' claims of infringement of the '712 and |
| 5 | '291 patents in the consolidated cases to proceed.[1] The PTAB found that Apple failed to show the |
| 6 | unpatentability of claims of the '712 and '291 patents in IPR, so Apple is subject to statutory IPR |
| 7 | estoppel as to the '712 patent. |

      Lifting the stay and allowing Corephotonics' claims on the '712 and '291 patent to proceed would result in increased judicial efficiency, as this limited case could proceed to trial quickly. The parties have already exchanged infringement, invalidity, and damages contentions. Claim construction briefing is complete, and Corephotonics' infringement theories are relatively straightforward and will require only limited discovery regarding the functionality of the accused products. Resolution of Corephotonics' claims on the '712 and '291 patents would not only resolve this case but would also likely lead to a resolution of the entire dispute with Apple, as the '712 and '291 patents are related to Corephotonics' other asserted patents and concern the same lens and imaging processing technology in Apple's products. Any settlement would likely involve a global resolution between Corephotonics and Apple. There can be no such global resolution if the stay continues and trial is delayed even further, as Apple simply has no incentive to engage in settlement discussions during the stay.

      As outlined more fully in the concurrently filed Motion to Lift Stay, the stay in this case has already caused significant harm to Corephotonics, and continuing the stay will cause further irreparable damage to Corephotonics' business. Since the stay in 17-cv-06457-LHK and 18-cv-02555-LHK was entered, at least two of Corephotonics' licensees have ceased making royalty payments because Apple has been free to continue to infringe Corephotonics' patents without making payments for their infringing use. Corephotonics also has had great difficulty obtaining new patent licenses since the stay was entered. In 2018, Corephotonics successfully negotiated final versions of two patent license agreements with major lens manufacturers in Asia, but after the stay of the Corephotonics'

---

[1] The '712 patent is asserted against Apple in both of the earlier, consolidated cases, and thus Corephotonics intends to move to lift the stay as to both consolidated cases.

1 claims was entered, those companies backed out at the last minute. Corephotonics has not entered into
2 a new patent license agreement since the stay was entered in December 2018. Continuing the stay will
3 only exacerbate this significant prejudice, with little if any benefit to the parties or the Court.

4       **Apple's Statement:** Apple requests that all three related cases be stayed until all IPRs and any
5 related appeals have concluded. Corephotonics does not propose to unstay or set a schedule in Case
6 No. 19-cv-04809, so it apparently does not dispute continuing the stay of this case. If the Court desires,
7 Apple will file a motion to continue the stay of Case No. 19-cv-04809 (concurrent with the stay of
8 related Case Nos. 17-cv-06457 and 18-cv-02555), for the same reasons stated in the Court's prior
9 orders staying the three cases. *Order Staying Case Pending Inter Partes Review*, Case No. 17-cv-
10 06457, Dkt. 100; *Order Staying Case and Continuing Case Management Conference*, Case No. 19-
11 cv-04809, Dkt. 26. In sum: First, Case No. 19-cv-04809 is at an early stage, as no schedule has been
12 entered (or proposed by Corephotonics). Second, a stay would simplify issues in Case No. 19-cv-
13 04809, including because discovery in the case is intertwined with discovery in Case Nos. 17-cv-
14 06457 and 18-cv-02555. Moreover, the pending IPRs could reduce or eliminate the number of patents
15 this court will need to address, which have overlapping discovery and claim construction issues. Third,
16 no unfair prejudice would result, as Apple has not engaged in gamesmanship—indeed, it has promptly
17 filed IPRs on all asserted patents, including all ten patents asserted in Case No. 19-cv-04809. Dkt. 27
18 at 3.

19       Corephotonics, however, seeks to move forward on a subset of patents and claims asserted in
20 Case Nos. 17-cv-06457 and 18-cv-02555. Apple opposes Corephotonics' planned motion.[2] Since
21 most of the claims in Case Nos. 17-cv-06457 and 18-cv-02555 have been held invalid in IPR, and are
22 subject to Federal Circuit appeals and possible further PTAB proceedings, Corephotonics' proposal
23 would result in that case having discovery, claim construction, summary judgment, and trial conducted
24 in piecemeal fashion, separate and apart from related claims and patents. Corephotonics' request to
25 resume litigation in such disjointed fashion should be rejected, for the same reasons stated in the
26 Court's prior orders staying the cases. *Order Staying Case Pending Inter Partes Review*, Case No.

---

28 [2] Corephotonics has not shared a copy of this proposed motion. Apple will respond more fully to the specific arguments made in the motion if filed by Corephotonics.

17-cv-06457, Dkt. 100; *Order Staying Case and Continuing Case Management Conference*, Case No. 19-cv-04809, Dkt. 26. A continued stay of the district court litigation properly allows the more appropriate fora for addressing the parties' disputes concerning the invalidity of Corephotonics' asserted patents, the Patent Office and Federal Circuit, to do so first, given the demonstrated and serious invalidity problems with those patents. As this Court recognized in its earlier stay orders, the Court should maintain the stay in all three cases until all of the IPR proceedings and any related appeals have concluded to avoid wasting the Court's finite resources on invalid claims or conducting proceedings that may risk in inconsistent results. *Order Staying Case Pending Inter Partes Review*, Case No. 17-cv-06457, Dkt. 100 at 2 ("The second factor weighs strongly in favor of a stay, given that IPR could result in invalidation or amendment of Plaintiff's claims. At the very least, continuing with the instant lawsuit while IPR proceeds risks inconsistent results.").

As this Court has noted, all of the asserted patents are at different stages of the IPR process. Dkt. 27 at 2. All the asserted claims of three patents (the '152, '032 and '568 patents) were found unpatentable by the PTAB. Corephotonics has appealed the findings for the '152 and '032 patents to the Federal Circuit, and any Notice of Appeal for the '568 patent is due June 8, 2020. Half of the asserted claims in another patent (the '712 patent) were found unpatentable; Apple is appealing the subset of claims that were not found unpatentable. And IPR petitions for the ten patents asserted in the most recent case are now pending before the PTAB. Corephotonics has not addressed what the Court should do with the claims that were found unpatentable in IPR, or what the Court should do with claims whose validity are subject to IPR or an appeal to the Federal Circuit (which may involve further remand proceedings). Instead, Corephotonics' proposal to rush to lift the stay and put a subset of claims on a fast track to trial would inevitably result in a waste of the Court's and the parties' resources by requiring that every case activity be performed in duplicate (or even triplicate unless the stay of Case No. 19-cv-4809 is continued).

Corephotonics' unsubstantiated assertions that it allegedly has endured harm during the stay should be disregarded. In all events, Corephotonics' complaints regarding alleged damage to its business, and suggestion of penury, caused by the stay of its cases against Apple are belied by the fact that it was during the stay that Corephotonics executed its acquisition by—and Corephotonics is now

a wholly-owned subsidiary of—Samsung. *See* Consolidated Financial Statements of Samsung Electronics Co., Ltd. and Its Subsidiaries, at 21 (available at https://images.samsung.com/is/content/samsung/p5/global/ir/docs/2019_con_quarter04_all.pdf) (identifying Corephotonics, Ltd. as a wholly-owned subsidiary of Samsung Electronics Co., Ltd.).

Regardless, Corephotonics' complaints are also without merit. Corephotonics summarily asserts, without explanation or support, that its challenges with licensing its patent portfolio are attributable to the stay of this litigation. Yet notably, it ignores the far more salient fact that the portfolio that Corephotonics is attempting to license includes several patents that the Patent Office has already determined are invalid. Corephotonics also claims trouble collecting payment from unidentified licensees, but this is not the appropriate forum for resolving such alleged contractual disputes with non-parties—and it certainly can provide no basis for lifting the stay.

Finally, Corephotonics asserts—again in summary fashion and without support—that Apple will have "no incentive to engage in settlement discussions during the stay." This assertion is demonstrably false. It was at Apple's suggestion, made during the stay, that the parties scheduled a voluntary, second mediation session to be held—and that was held—during the stay. Apple remains open to continuing to work towards a mutually agreeable resolution of this case should the stay continue.

<u>Corephotonics' Anticipated Motion to Amend Infringement Contentions in Case Nos. 17-cv-06457-LHK and 18-cv-02555-LHK</u>:

**Corephotonics' Statement:** Corephotonics plans to file a motion to amend its infringement contentions to add Apple's iPhone XS and XS Max to the case as accused products for the '712 patent. If the Court lifts the stay, Corephotonics will meet and confer with Apple about adding the iPhone XS and XS Max to the case. In addition, Corephotonics will confer with Apple on adding the 11 Pro and 11 Pro Max models as accused products for the '712 patent, which is currently asserted in both the 17-cv-06457-LHK and 18-cv-02555-LHK cases. The iPhone 11, 11 Pro, and 11 Pro Max products were announced on September 10, 2019. Based on Corephotonics' investigation and review of publicly available materials, the iPhone 11 Pro and 11 Pro Max products infringe at least claim 14 of the '712 patent.

**Apple's Statement:** As discussed above, Apple opposes lifting the stay in any of the three pending Corephotonics cases (17-cv-06457, 18-cv-02555 and 19-cv-4809). If the Court lifts the stay, Apple will meet and confer in good faith with Corephotonics on any proposed amendments to contentions.

## V. AMENDMENTS OF PLEADINGS

**Corephotonics' Statement:** As explained above in Section IV, Corephotonics anticipates seeking the Court's permission to amend its Complaint to add claims of infringement of the '020 and '630 patents.

**Apple's Statement:** As explained above in Section IV, Apple disagrees with Corephotonics' request to amend the complaint to include the '020 and '630 patents. Apple believes that the current stay in all three of the Corephotonics cases (17-cv-06457, 18-cv-02555 and 19-cv-4809) should be continued until all of the IPRs have reached a final resolution, including appeals.

## VI. EVIDENCE PRESERVATION

The parties have reviewed the District's Guidelines Relating to Electronically Stored Information ("ESI"). The parties have met and conferred regarding taking reasonable and proportional steps to preserve evidence relevant to the issues reasonably evident in this action.

## VII. DISCLOSURES

The parties have not yet served their initial disclosures.

## VIII. DISCOVERY

### A. Discovery to Date

No discovery has occurred as of the date of the filing of this Case Management Statement.

### B. E-Discovery Order and Protective Order Issues

The parties agree that the ESI Order and Protective Order issued by the Court in related case 17-cv-06457-LHK will govern this action as well. *See* Dkt. 77 and 78, 17-cv-06457-LHK.

### C. Issues Relating to Privilege and Privilege Log

The parties will work cooperatively to reach agreement on issues concerning privilege and privilege logs that is consistent with the needs of the case.

### D. Scope of Anticipated Discovery

Pursuant to Rule 26(b)(1), the parties anticipate that the scope of discovery will encompass the factual and legal issues identified in the detailed description of Corephotonics' claims of Apple's willful infringement of the Asserted Patents provided in its Complaint (Dkt. No. 1), including any unique issues presented by Corephotonics' claims of infringement of the '020 and '630 patents if they are added to the case.

### E. Changes to Discovery Limitations

The parties agree that a one-day, seven hour deposition of an individual deposed in both their individual capacity and in their capacity as a 30(b)(6) representative counts as a single deposition for the purposes of the limit of ten party depositions as in Fed. R. Civ. P. 30(a). The parties further agree that the depositions of expert witnesses should not count towards the ten deposition limit. The parties currently do not propose any changes to the default discovery limitations. To the extent the cases are not stayed, the parties will confer about consolidating aspects of discovery between this case and the previously-filed cases, and will bring any proposed changes to discovery limitations to the Court's attention at an appropriate time.

## IX. CLASS ACTION

This case is not a class action.

## X. RELATED CASES

On October 7, 2019, the Court issued an order relating this case with Corephotonics' two previously-filed actions at 17-cv-06457-LHK and 18-cv-02555-LHK. *See* Dkt. 16.

## XI. RELIEF

**Corephotonics' Statement:** Corephotonics seeks a finding of an award of damages resulting from the acts of Apple's infringement, including, without limitation, no less than a reasonable royalty pursuant to 35 U.S.C. § 284, together with interests and costs; an award of enhanced damages pursuant to 35 U.S.C. § 284 due to Apple's willful infringement; injunctive relief against Apple engaging in infringement of the Asserted Patents; Corephotonics' costs; and such other relief at law and in equity as the Court may deem just and proper. Corephotonics further outlines its claims for damages below. Corephotonics further seeks a finding that this is an exceptional case under 35 U.S.C. § 285 and an

award of Corephotonics' reasonable attorney's fees in connection with this action. Insofar as the Court does not enter a permanent injunction, Corephotonics seeks a compulsory forward royalty.

**Apple's Statement:** Apple denies the allegations of infringement, including willful infringement, and contends that the asserted patent claims are invalid. Apple has not asserted any counterclaims to date, and it does not currently seek any damages. Apple reserves the right to seek an award of costs, expenses, and/or reasonable attorneys' fees in connection with this action should this prove to be an exceptional case, as well as any other award that the Court deems just and proper.

## XII. SETTLEMENT AND ADR

The parties have conducted two mediations with the Hon. Mag. Judge Gandhi (Ret.), most recently on February 11, 2020, at JAMS in downtown Los Angeles. The parties have not yet reached a resolution through the mediation.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to have a magistrate conduct all further proceedings including trial and entry of judgment.

## XIV. OTHER REFERENCES

At this time, the parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING ISSUES

Currently, the parties have no suggestions to expedite the presentation of evidence at trial or any requests to bifurcate issues, claims, or defenses.

## XVI. EXPEDITED TRIAL PROCEDURE

At this time, the parties do not believe that this case is appropriate for the Expedited Trial Procedure of General Order No. 64 Attachment A.

## XVII. SCHEDULING

**Corephotonics' Proposed Schedule for the Previously-Filed Cases**:

**Corephotonics' Statement:** If the Court lifts the stay in the 17-cv-06457-LHK and 18-cv-02555-LHK cases, Corephotonics proposes the following case schedule for those cases.

**Apple's Statement**: As discussed above, Apple believes that the stay of this case (19-cv-4809) should be continued, and that the stay of the related cases (17-cv-06457 and 18-cv-02555) should remain. Notably, Corephotonics does not propose any schedule for the 19-cv-4809 case, the case that is specifically at issue in the upcoming Case Management Conference, so Corephotonics appears to agree that the 19-cv-4809 case should remain stayed during the pendency of Apple's IPRs.

To the extent the Court lifts the stay on the 17-cv-06457 and 18-cv-02555 cases while numerous appeals concerning the asserted patents are pending (which it should not, for the reasons discussed above), then Apple proposes that the interests of efficiency and judicial economy would be best served by setting the case schedule to permit the Court and parties to receive the benefit of the Federal Circuit briefing, oral argument, and issued decisions in those pending appeals.

| Scheduled Event | Corephotonics' Proposed Date | Apple's Proposed Date if Stay is Lifted in 17-cv-06457 and 18-cv-02555 |
|---|---|---|
| Claim construction briefing (Pat. L.R. 4-5) | • Corephotonics Reply Brief: June 18, 2020<br>• Parties' simultaneous Supplemental Briefs in view of PTAB Proceedings (limited to 7 pages): July 2, 2020 | • Corephotonics Reply Brief: June 4, 2021<br>• Parties' simultaneous Supplemental Briefs in view of PTAB and Federal Circuit Proceedings (limited to 7 pages): June 18, 2021 |
| Claim Construction Hearing (Pat. L.R. 4-6) | July 31, 2020 (Thursday) (subject to the Court's availability) | August 2021 (subject to Court's availability) |
| Close of Fact Discovery | July 30, 2020 | December 17, 2021 |
| Opening Expert Reports due | August 3, 2020 | January 28, 2022 |
| Rebuttal Expert Reports due | September 2, 2020 | March 11, 2022 |
| Close of Expert Discovery | October 2, 2020 | April 15, 2022 |
| Deadline to file dispositive motions and *Daubert* motions | October 16, 2020 | May 20, 2022 |
| Answering dispositive motion and *Daubert* briefs | November 9, 2020 | June 17, 2022 |
| Reply dispositive motion and Daubert briefs | November 23, 2020 | July 15, 2022 |
| Hearing on dispositive motions | December 10, 2020 (Thursday) (subject to the Court's availability) | September 2022 (Subject to the Court's availability) |

| Scheduled Event | Corephotonics' Proposed Date | Apple's Proposed Date if Stay is Lifted in 17-cv-06457 and 18-cv-02555 |
|---|---|---|
| Final pretrial conference | January 7, 2021 (Thursday) (subject to the Court's availability) | January 2023 (Subject to the Court's availability) |
| Jury trial | February 8, 2021 (Monday) (subject to the Court's availability) | February 2023 (Subject to the Court's availability) |

## XVIII. TRIAL

Corephotonics and Apple have demanded that the case be tried by jury. The parties understand that the Court holds trial Mondays, Tuesday, and Fridays from 9:00 am to 4:30 pm. To the extent that a trial occurs, and it is limited to the subset of claims and patents asserted from the 17-cv-06457 and 18-cv-02555 cases that Corephotonics proposes above, then the parties currently expect that such trial will take approximately five (5) days.

**Corephotonics Statement:**

If issues unique to the claims asserted in the 19-cv-4809-LHK case are to be tried alongside Corephotonics' claims in the 17-cv-06457 and 18-cv-02555 cases, Corephotonics expects to be able to narrow the scope of the claims and defenses such that parties would not require more than five (5) days for a trial.

**Apple's Statement:**

If the trial were to involve additional claims or patents, up to and including the 17 asserted patents identified by Corephotonics thus far, Apple expects that trial could take at least fifteen (15) or more court days.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Pursuant to paragraph 19 of the Standing Order for All Judges re Contents of Joint Case Management Statement, the parties have filed Certifications of Interested Entities or Persons as required by Local Rule 3-15.

**Corephotonics' Statement**: Samsung Electronics Benelux B.V. owns a majority of the outstanding shares of Corephotonics. No publicly-held corporation owns 10% or more of Corephotonics' stock. *See* Dkt. 8.

## XX. PROFESSIONAL CONDUCT

The parties confirm that all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI. OTHER MATTERS

Pursuant to Patent Local Rule 2-1, the parties have also met and conferred regarding the following additional matters:

### a. Patent Local Rule 2-1(b)(1): *Proposed modification of the obligations or deadlines set forth in the Patent Local Rules*

The parties have proposed a schedule for patent disclosures and claim construction in accordance with the Patent Local Rules, with certain modifications, as set forth above.

### b. Patent Local Rule 2-1(b)(2): *The scope and timing of any claim construction discovery including disclosure of and discovery from any expert witness permitted by the Court*

Without admitting that expert testimony is necessary, appropriate, or admissible, the parties propose a deadline for the disclosure of any expert declaration in connection with claim construction as set forth in the schedule proposed above.

### c. Patent Local Rule 2-1(b)(3): *The format of the claim construction hearing, including whether the Court will hear live testimony, the order of presentation, and the estimated length of the hearing*

At this time, the parties estimate three hours for the claim construction hearing if it is limited to the subset of claims and patents from the 17-cv-06457 and 18-cv-02555 cases identified in Corephotonics' request to unstay that case above. If the claim construction hearing will address other claims and patents, including from up to 17 patents identified by Corephotonics thus far, Apple estimates that at least one full day or more are necessary for the claim construction hearing. Subject to the Court's preference, the parties propose that they present arguments on a term-by-term basis, following an order of claim terms that the parties will negotiate prior to the claim construction hearing. The parties propose providing the Court with a joint letter two weeks before the claim construction

hearing to advise the Court on the preferred order of terms for presentation and whether live testimony will be needed.

d. **Patent Local Rule 2-1(b)(4):** *How the parties intend to educate the Court on the technology at issue*

The parties have propose a technical tutorial one week before the claim construction hearing, subject to the Court's preference.

e. **Patent Local Rule 2-1(b)(5):** *Non-binding, good-faith estimate of damages range*

Corephotonics' Statement: The precise calculation of Corephotonics' damages depends on information that is not presently in Corephotonics' possession. While Corephotonics reserves the right to rely on licenses or other agreements which are comparable to a license that would result from a hypothetical reasonable royalty negotiation, and it will identify such licenses in its possession, control, or custody pursuant to P.L.R. 3-2(g), Corephotonics anticipates further discovery regarding the following and other matters with respect to the computation of the damages due to Corephotonics, by way of example:

(i) license or other agreements in Apple's possession which may be comparable to a license that would result from a hypothetical reasonable royalty negotiation,

(ii) the extent of Apple's infringement of Corephotonics' Asserted Patents and its impact,

(iii) Apple's financial and sales data concerning products accused of infringement,

(iv) information relating to the value, benefit, sales and profit that Apple derived from the infringing features of Apple's products accused of infringement, including, by way of example, analyses and information related to the pricing of Apple products and accused features, and competing products and features; market analyses, market projections and market forecasts performed by or on behalf Apple; Apple's sales and marketing practices; and Apple's market research, consumer research, surveys, business analytics, projections, and metrics concerning Apple's products and the accused features, as well as competing products and features, and

(v) the extent to which Apple's infringement drives or assists Apple in the sale of non- patented features and products.

Corephotonics further notes that damage computations will be the subject of expert testimony. Further, the damages, costs and attorneys' fees due to Corephotonics will continue to accrue during the course of this litigation making the computation premature.

<u>Apple's Statement</u>: Apple contends that it does not infringe the Asserted Patents and that the asserted claims of the Asserted Patents are invalid. On that basis, Apple believes that Corephotonics is entitled to no damages. Additional factors supporting Apple's contention include the limited scope of the claimed inventions; that any differences between the Asserted Patents and the prior art are trivial and Apple's patent licensing history. To the extent Corephotonics is due any damages for the alleged infringement (which Corephotonics does not specify in its "non-binding, good-faith estimate" above), additional discovery is necessary for Apple to provide a more specific expected damages range, including Corephotonics' service of infringement contentions, discovery regarding Samsung's acquisition of Corephotonics and any related license obligations, discovery regarding any valuations of Corephotonics and/or its patent portfolio related to the Samsung acquisition, discovery from Corephotonics concerning its licensing policies and practices (if any), and Corephotonics' production of agreements concerning the license or transfer of any rights in the Asserted Patents (including the financial terms on which those rights were conveyed). Apple intends to offer expert testimony on damages at the appropriate time.

| | | |
|---|---|---|
| Dated: May 6, 2020 | | RUSS AUGUST & KABAT |

*/s/ Marc A. Fenster*
Marc A. Fenster
*Attorneys for Plaintiff Corephotonics, LTD.*

COOLEY LLP

*/s/ Heidi Keefe*
Heidi Keefe
*Attorneys for Defendant Apple Inc.*

**CERTIFICATE OF SERVICE**

I certify that counsel of record who are deemed to have consented to electronic service are being served on May 6, 2020, with a copy of this document via the Court's CM/ECF systems per Local Rule CV-5. Any other counsel will be served by electronic mail, facsimile, overnight delivery and/or First Class Mail on this date.

/s/ *James S. Tsuei*