RUSS, AUGUST & KABAT
Marc A. Fenster (CA Bar No. 181067)
Benjamin T. Wang (CA Bar No. 228712)
Neil A. Rubin (CA Bar No. 250761)
James S. Tsuei (CA Bar No. 285530)
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991
mfenster@raklaw.com
bwang@raklaw.com
nrubin@raklaw.com
jtsuei@raklaw.com

*Attorneys for Plaintiff*
Corephotonics, Ltd.

COOLEY LLP
Heidi Keefe (178960)
(hkeefe@cooley.com)
Lowell Mead (223989)
(lmead@cooley.com)
Priya B. Viswanath (238089)
(pviswanath@cooley.com)
3175 Hanover Street
Palo Alto, California 94304
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

COOLEY LLP
Phillip Morton (*Pro Hac Vice*)
(pmorton@cooley.com)
1299 Pennsylvania Avenue
NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 842-7800
Facsimile: (202) 842-7899

*Attorneys for Defendant*
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COREPHOTONICS, LTD.,<br><br>               Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>               Defendant. | Case No. 5:19-cv-4809-LHK<br><br>Related Case Nos.<br>17-cv-06457-LHK<br>18-cv-02555-LHK<br><br>**JOINT CASE MANAGEMENT<br>CONFERENCE STATEMENT**<br><br>Date: September 9, 2020<br>Time: 2:00 p.m.<br>Dept.: Courtroom 8<br>Judge: Honorable Lucy H. Koh |

Plaintiff Corephotonics, Ltd. ("Corephotonics") and Defendant Apple Inc. ("Apple") jointly submit this Case Management Statement in anticipation of the Case Management Conference scheduled for September 9, 2020. (Dkt. No. 29).

Each of the above-captioned related patent infringement cases remains stayed by Order of the Court. *See* Dkt. No. 29 (May 7, 2020 Order Regarding Joint Case Management Statement); Case No. 17-cv-06457, Dkt. No. 112 (June 1, 2020 Order Denying Motion to Lift Stay). Neither party intends to move to lift the stay at this time.

## I. JURISDICTION AND SERVICE

This is a patent infringement action. This Court has subject matter jurisdiction over this action at least under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b). All named parties have been served and there are no unresolved issues relating to service of process.

## II. FACTS

On October 14, 2019, Corephotonics brought a patent infringement suit against Apple in the United States District Court for the Northern District of California. In this case, numbered 19-cv-4809, Corephotonics contends that Apple has and continues to willfully infringe ten of Corephotonics' patents relating to smartphone camera technology, in particular, small form-factor telephoto lens assembly and dual lens control and imaging technologies. The patents in suit are United States Patent Nos. 9,661,233 (the "'233 patent"), 10,230,898 (the "'898 patent"), 10,233,840 (the "'840 patent"), 10,317,647 (the "'647 patent"), 10,324,277 (the "'277 patent"), 10,330,897 (the "'897 patent"), 10,225,479 (the "'479 patent"), 10,015,408 (the "'408 patent"), 10,356,332 (the "'332 patent"), and 10,326,942 (the "'942 patent") (collectively "the Asserted Patents"). Corephotonics respectfully directs the Court to Corephotonics' Complaint (*see* Dkt. No. 1), which provides a detailed description of Corephotonics' claims in this case.

The Asserted Patents in Case No. 19-cv-4809 are related to the five patents currently asserted by Corephotonics against Apple in two previously-filed actions in this Court, which are respectively numbered 17-cv-06457-LHK and 18-cv-02555-LHK. On October 7, 2019, the Court issued an order relating this case with Corephotonics' two previously-filed actions. Dkt. 16.

A case management conference for this case was scheduled to occur on February 12, 2020. On February 6, 2020, the Court issued an order staying this case and continued the February 12, 2020 case management conference to May 13, 2020. Dkt. 27.

On May 7, 2020, the Court issued an order continuing the May 13, 2020 case management conference from May 13, 2020 to September 9, 2020. Dkt. 29. The Court directed the parties to file a joint case management statement by September 2, 2020 including a status update regarding any relevant IPRs and Federal Circuit proceedings.

Since the Court's order continuing the case management conference on May 7, 2020, the following events have occurred:

IPR Proceedings for Patents Asserted in 19-cv-4809:

| Asserted Patent No. | PTAB IPR No. | Date Filed | Status |
|---|---|---|---|
| 9,661,233 | IPR2020-00487 | February 28, 2020 | Decision on Institution Expected by Sept. 16, 2020 |
| 10,015,408 | IPR2020-00488 IPR2020-00489 | February 5, 2020 | IPR2020-00489: Instituted on July 31, 2020 <br><br> IPR2020-00488: Not instituted on July 31, 2020 |
| 10,225,479 | IPR2020-00905 IPR2020-00906 | May 6, 2020 | Decision on Institution Expected by Nov. 13, 2020 |
| 10,230,898 | IPR2020-00861 | May 6, 2020 | Decision on Institution Expected by Dec. 11, 2020 |
| 10,288,840 | IPR2020-00877 | April 30, 2020 | Decision on Institution Expected by Nov. 6, 2020 |
| 10,317,647 | IPR2020-00896 | May 5, 2020 | Decision on |

| Asserted Patent No. | PTAB IPR No. | Date Filed | Status |
|---|---|---|---|
| | | | Institution Expected by Dec. 11, 2020 |
| 10,324,277 | IPR2020-00897 | May 4, 2020 | Decision on Institution Expected by Dec. 11, 2020 |
| 10,326,942 | IPR2020-00860 | May 1, 2020 | Decision on Institution Expected by Nov. 6, 2020 |
| 10,330,897 | IPR2020-00878 | May 1, 2020 | Decision on Institution Expected by Nov. 6, 2020 |
| 10,356,332 | IPR2020-00862 | May 6, 2020 | Decision on Institution Expected by Dec. 11, 2020 |

Federal Circuit Proceedings for Patents Asserted in 17-cv-06457 and 18-cv-02555:

- *Corephotonics, Ltd. v. Apple Inc*., No. 20-1424 (Fed. Cir.) (appeal from IPR challenging U.S. Patent No. 9,402,032): Corephotonics' Opening Brief filed on July 14, 2020; Notice of Intervention by USPTO filed on August 17, 2020.

- *Corephotonics, Ltd. v. Apple Inc*., No. 20-1425 (Fed. Cir.) (appeal from IPR challenging U.S. Patent No. 9,538,152): Corephotonics' Opening Brief filed on July 14, 2020; Notice of Intervention by USPTO filed on August 24, 2020.

- *Apple Inc. v. Corephotonics, Ltd.*, No. 20-1438 (Fed. Cir.) (appeal from IPR challenging U.S. Patent No. 9,568,712): Apple's Opening Brief filed on July 17, 2020.

- *Corephotonics, Ltd. v. Apple Inc*., No. 20-1961 (Fed. Cir.) (appeal from IPR challenging U.S. Patent No. 9,857,568): Appeal docketed on July 6, 2020.

## III. LEGAL ISSUES

The principal disputed legal issues are:

- Whether any of the accused products identified in Corephotonics' Complaint (Dkt. No. 1) and Infringement Contentions to be served on Apple pursuant to P.L.R. 3-1 directly or indirectly infringe any asserted claims of the Asserted Patents, literally or under the doctrine of equivalents;
- Whether Apple induced infringement of the Asserted Patents by its customers or others within the United States;
- Whether Apple's alleged infringement of the Asserted Patents was and continues to be willful;
- Whether any or all of the claims of the Asserted Patents are invalid and/or unenforceable;
- Whether any or all of the claims of the Asserted Patents are patent-ineligible;
- Construction of any disputed patent claim terms from the Asserted Patents;
- Whether this case is exceptional under 35 U.S.C. § 285;
- Whether Corephotonics is entitled to damages, and if so the amount;
- Whether Corephotonics is entitled to injunctive relief to prevent Apple's continuing infringement.

## IV. MOTIONS

No motions have been filed by either side. The anticipated motions identified below would be filed by Corephotonics in the event the Court lifts the stay at a later date.

Corephotonics' Anticipated Motion to Amend Complaint:

**Corephotonics' Statement:** Corephotonics was issued U.S. Patent Nos. 10,437,020 (the "'020 patent") and 10,488,630 (the "'630 patent") on, respectively, October 8, 2019 and November 26, 2019. Both '020 and '630 patents issued from continuation applications of several of the Asserted Patents, including the '897 patent and '647 patent. The '020 and '630 patents are also

related by continuation to patents asserted in the previously-filed actions, such as U.S. Patent Nos. 9,568,712 (the "'712 patent") and 9,857,568 (the "'568 patent"). Based on Corephotonics' investigation, Apple's iPhone 7 Plus, 8 Plus, X, XS, XS Max, 11, 11 Pro, and 11 Pro Max, each infringe one or more claims of the '020 and '630 patents. Corephotonics plans to file a motion to amend the complaint to include claims of infringement of the '020 patent and '630 patent at the appropriate time when the stay of these cases is lifted by the Court.

**Apple's Statement:** For the reasons set forth in prior Case Management Statements, Apple continues to disagree with Corephotonics' proposal to file a motion to amend the Complaint to add two more patents to this ten patent case, which is currently stayed. (*See* Dkt. No. 26 at 4; Dkt. No. 28 at 4-5.)

Corephotonics' Anticipated Motion to Amend Infringement Contentions in Case Nos. 17-cv-06457-LHK and 18-cv-02555-LHK:

**Corephotonics' Statement:** As set forth in the parties' previous joint case management statement, Corephotonics plans to file a motion to amend its infringement contentions to add Apple's iPhone XS and XS Max to the case as accused products for the '712 patent. When the Court lifts the stay, Corephotonics will meet and confer with Apple about adding the iPhone XS and XS Max to the case. In addition, Corephotonics will confer with Apple on adding the 11 Pro and 11 Pro Max models as accused products for the '712 patent, which is currently asserted in both the 17-cv-06457-LHK and 18-cv-02555-LHK cases. The iPhone 11, 11 Pro, and 11 Pro Max products were announced on September 10, 2019. Based on Corephotonics' investigation and review of publicly available materials, the iPhone 11 Pro and 11 Pro Max products infringe at least claim 14 of the '712 patent.

**Apple's Statement:** As discussed above, neither party has moved to lift the current stay in any of the three pending Corephotonics cases (17-cv-06457, 18-cv-02555 and 19-cv-4809). In the event the Court later lifts the stay, Apple will meet and confer in good faith with Corephotonics on any proposed amendments to contentions.

## V.   AMENDMENTS OF PLEADINGS

**Corephotonics' Statement:** As explained above in Section IV, Corephotonics anticipates

seeking the Court's permission to amend its Complaint to add claims of infringement of the '020 and '630 patents.

**Apple's Statement:** As explained above in Section IV, Apple disagrees with Corephotonics' request to amend the complaint to include the '020 and '630 patents. Apple believes that the current stay in all three of the Corephotonics cases (17-cv-06457, 18-cv-02555 and 19-cv-4809) should be continued until all of the IPRs have reached a final resolution, including appeals.

## VI.  EVIDENCE PRESERVATION

The parties have reviewed the District's Guidelines Relating to Electronically Stored Information ("ESI"). The parties have met and conferred regarding taking reasonable and proportional steps to preserve evidence relevant to the issues reasonably evident in this action.

## VII.  DISCLOSURES

The parties have not yet served their initial disclosures.

## VIII.  DISCOVERY

### A.  Discovery to Date

Corephotonics served requests for production under Federal Rule of Civil Procedure 34 on January 24, 2020.

### B.  E-Discovery Order and Protective Order Issues

The parties agree that the ESI Order and Protective Order issued by the Court in related case 17-cv-06457-LHK will govern this action as well. *See* Dkt. 77 and 78, 17-cv-06457-LHK.

### C.  Issues Relating to Privilege and Privilege Log

The parties will work cooperatively to reach agreement on issues concerning privilege and privilege logs that is consistent with the needs of the case.

### D.  Scope of Anticipated Discovery

Pursuant to Rule 26(b)(1), the parties anticipate that the scope of discovery will encompass the factual and legal issues identified in the detailed description of Corephotonics' claims of Apple's willful infringement of the Asserted Patents provided in its Complaint (Dkt. No. 1), including any unique issues presented by Corephotonics' claims of infringement of the '020 and '630 patents if they are added to the case.

### E. Changes to Discovery Limitations

The parties agree that a one-day, seven hour deposition of an individual deposed in both their individual capacity and in their capacity as a 30(b)(6) representative counts as a single deposition for the purposes of the limit of ten party depositions as in Fed. R. Civ. P. 30(a). The parties further agree that the depositions of expert witnesses should not count towards the ten deposition limit. The parties currently do not propose any changes to the default discovery limitations. To the extent the cases are not stayed, the parties will confer about consolidating aspects of discovery between this case and the previously-filed cases, and will bring any proposed changes to discovery limitations to the Court's attention at an appropriate time.

### IX. CLASS ACTION

This case is not a class action.

### X. RELATED CASES

On October 7, 2019, the Court issued an order relating this case with Corephotonics' two previously-filed actions at 17-cv-06457-LHK and 18-cv-02555-LHK. *See* Dkt. 16.

### XI. RELIEF

**Corephotonics' Statement:** Corephotonics seeks a finding of an award of damages resulting from the acts of Apple's infringement, including, without limitation, no less than a reasonable royalty pursuant to 35 U.S.C. § 284, together with interests and costs; an award of enhanced damages pursuant to 35 U.S.C. § 284 due to Apple's willful infringement; injunctive relief against Apple engaging in infringement of the Asserted Patents; Corephotonics' costs; and such other relief at law and in equity as the Court may deem just and proper. Corephotonics further outlines its claims for damages below. Corephotonics further seeks a finding that this is an exceptional case under 35 U.S.C. § 285 and an award of Corephotonics' reasonable attorney's fees in connection with this action. Insofar as the Court does not enter a permanent injunction, Corephotonics seeks a compulsory forward royalty.

**Apple's Statement:** Apple denies the allegations of infringement, including willful infringement, and contends that the asserted patent claims are invalid. Apple has not asserted any counterclaims to date, and it does not currently seek any damages. Apple reserves the right to seek

an award of costs, expenses, and/or reasonable attorneys' fees in connection with this action should

this prove to be an exceptional case, as well as any other award that the Court deems just and proper.

## XII.  SETTLEMENT AND ADR

The parties have conducted two mediations with the Hon. Mag. Judge Gandhi (Ret.), most recently on February 11, 2020, at JAMS in downtown Los Angeles. The parties have not yet reached a resolution through the mediation.

## XIII.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to have a magistrate conduct all further proceedings including trial and entry of judgment.

## XIV.  OTHER REFERENCES

At this time, the parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV.  NARROWING ISSUES

Currently, the parties have no suggestions to expedite the presentation of evidence at trial or any requests to bifurcate issues, claims, or defenses.

## XVI.  EXPEDITED TRIAL PROCEDURE

At this time, the parties do not believe that this case is appropriate for the Expedited Trial Procedure of General Order No. 64 Attachment A.

## XVII. SCHEDULING

**Parties' Statement:** If the Court lifts the stay in any of the 17-cv-06457-LHK, 18-cv-02555-LHK, and 19-cv-4809 cases, the parties will meet and confer to discuss scheduling in an effort to proposes a suitable case schedule for those cases.

## XVIII. TRIAL

Corephotonics and Apple have demanded that the case be tried by jury. The parties understand that the Court holds trial Mondays, Tuesday, and Fridays from 9:00 am to 4:30 pm.

**Corephotonics Statement:**

If issues unique to the claims asserted in the 19-cv-4809-LHK case are to be tried alongside Corephotonics' claims in the 17-cv-06457 and 18-cv-02555 cases, Corephotonics expects to be able

to narrow the scope of the claims and defenses such that parties would not require more than five (5) days for a trial.

**Apple's Statement:**

If the trial were to involve multiple claims and patents, up to and including the 17 asserted patents identified by Corephotonics thus far, Apple expects that trial could take at least fifteen (15) or more court days.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Pursuant to paragraph 19 of the Standing Order for All Judges re Contents of Joint Case Management Statement, the parties have filed Certifications of Interested Entities or Persons as required by Local Rule 3-15.

**Corephotonics' Statement**: Samsung Electronics Benelux B.V. owns a majority of the outstanding shares of Corephotonics. No publicly-held corporation owns 10% or more of Corephotonics' stock. *See* Dkt. 8.

## XX. PROFESSIONAL CONDUCT

The parties confirm that all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI. OTHER MATTERS

Pursuant to Patent Local Rule 2-1, the parties have also met and conferred regarding the following additional matters:

> **a. Patent Local Rule 2-1(b)(1):** *Proposed modification of the obligations or deadlines set forth in the Patent Local Rules*

Because the litigation is stayed, the parties have not proposed any modification to the obligations or deadlines set forth in the Patent Local Rules. In the event the stay is later lifted, the parties will present their proposals at such time.

> **b. Patent Local Rule 2-1(b)(2):** *The scope and timing of any claim construction discovery including disclosure of and discovery from any expert witness permitted by the Court*

Because the case is stayed, the parties have not proposed any changes to scope and timing of claim construction discovery. In the event the stay is later lifted, the parties will present their proposals at such time.

**c. Patent Local Rule 2-1(b)(3):** *The format of the claim construction hearing, including whether the Court will hear live testimony, the order of presentation, and the estimated length of the hearing*

Because this case is stayed and any remaining scope of the case may change pending the outcome of the outstanding IPRs, the parties have not proposed any specific format for the hearing or the estimated length of the hearing. In the event the stay is later lifted, the parties will present their proposals at such time.

**d. Patent Local Rule 2-1(b)(4):** *How the parties intend to educate the Court on the technology at issue*

Because this case is stayed, the parties will present their proposals about a technical tutorial in the event the stay is later lifted.

**e. Patent Local Rule 2-1(b)(5):** *Non-binding, good-faith estimate of damages range*

<u>Corephotonics' Statement</u>: The precise calculation of Corephotonics' damages depends on information that is not presently in Corephotonics' possession. While Corephotonics reserves the right to rely on licenses or other agreements which are comparable to a license that would result from a hypothetical reasonable royalty negotiation, and it will identify such licenses in its possession, control, or custody pursuant to P.L.R. 3-2(g), Corephotonics anticipates further discovery regarding the following and other matters with respect to the computation of the damages due to Corephotonics, by way of example:

(i) license or other agreements in Apple's possession which may be comparable to a license that would result from a hypothetical reasonable royalty negotiation,

(ii) the extent of Apple's infringement of Corephotonics' Asserted Patents and its impact,

(iii) Apple's financial and sales data concerning products accused of infringement,

1    (iv) information relating to the value, benefit, sales and profit that Apple derived from the

2   infringing features of Apple's products accused of infringement, including, by way of example,

3   analyses and information related to the pricing of Apple products and accused features, and

4   competing products and features; market analyses, market projections and market forecasts

5   performed by or on behalf Apple; Apple's sales and marketing practices; and Apple's market

6   research, consumer research, surveys, business analytics, projections, and metrics concerning

7   Apple's products and the accused features, as well as competing products and features, and

8    (v) the extent to which Apple's infringement drives or assists Apple in the sale of non-

9   patented features and products.

10    Corephotonics further notes that damage computations will be the subject of expert

11   testimony. Further, the damages, costs and attorneys' fees due to Corephotonics will continue to

12   accrue during the course of this litigation making the computation premature.

13    Apple's Statement: Apple contends that it does not infringe the Asserted Patents and that the

14   asserted claims of the Asserted Patents are invalid.  On that basis, Apple believes that Corephotonics

15   is entitled to no damages.  Additional factors supporting Apple's contention include the limited

16   scope of the claimed inventions; that any differences between the Asserted Patents and the prior art

17   are trivial and Apple's patent licensing history.  To the extent Corephotonics is due any damages for

18   the alleged infringement (which Corephotonics does not specify in its "non-binding, good-faith

19   estimate" above), additional discovery is necessary for Apple to provide a more specific expected

20   damages range, including Corephotonics' service of infringement contentions, discovery regarding

21   Samsung's acquisition of Corephotonics and any related license obligations, discovery regarding any

22   valuations of Corephotonics and/or its patent portfolio related to the Samsung acquisition, discovery

23   from Corephotonics concerning its licensing policies and practices (if any), and Corephotonics'

24   production of agreements concerning the license or transfer of any rights in the Asserted Patents

25   (including the financial terms on which those rights were conveyed).  Apple intends to offer expert

26   testimony on damages at the appropriate time.

27

28

Dated:  September 2, 2020                    RUSS AUGUST & KABAT


                                             */s/ Marc A. Fenster*
                                             Marc A. Fenster
                                             *Attorneys for Plaintiff Corephotonics,*
                                             *LTD.*



                                             COOLEY LLP


                                             */s/ Heidi Keefe*
                                             Heidi Keefe
                                             *Attorneys for Defendant Apple Inc.*

1

**CERTIFICATE OF SERVICE**

2          I certify that counsel of record who are deemed to have consented to electronic service are

3    being served on September 2, 2020 with a copy of this document via the Court's CM/ECF systems

4    per Local Rule CV-5.  Any other counsel will be served by electronic mail, facsimile, overnight

5    delivery and/or First Class Mail on this date.

6

7                                        _____/s/ James S. Tsuei_____

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28