# CLIFFORD WEILER
## 2156 MERGHO IMPASSE
## SAN DIEGO CA 92110

Clifford.weiler@gmail.com

August 26, 2024

**FILED**

**AUG 29 2024**

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

Class Action Clerk
UNITIED States District Court for the Northern District of California
280 South 1st Street
San Jose, CA 95113

RE: In Re Google Referrer Header Privacy Litigation, Case No. 5:19-cv-04809-EJD (N.D.Cal.)
   Embarrassing miscarriage of the judicial system

To the Honorable Judge Edward J. Davila:

I received notice that my settlement payment award in this case against Google was $0.11. (See the enclosed copy.)

I recognize that justice is sometimes difficult to determine, but to get only $0.11 is an embarrassment for the judicial system, and for whatever judge approved a settlement whereby a claimant receives $0.11 especially from a defendant as large as Google and especially for violating what is a fundamental right to privacy per the California Constitution (art.1, section 1).

I had written in my filed objection that even when the advertised settlement was projected to be $7.70 (or later, $8.08) that this seemed to be a friendly lawsuit for the defendant and plaintiff's team of attorneys. The postage would likely exceed the proposed payout to individuals. (See the enclosed, hi-lighted copy.) My current opinion: I told you so.

I don't know if you will be reading this, or if a clerk will, or if it will just wind up filed without any human review.....but anyone who played a part in the approval of such a settlement, where a claimant gets only $0.11 from Google for a violation of the California fundamental right to privacy, should be embarrassed if not ashamed.

I suspect there is nothing I can do other than write and send this letter, because contesting receipt of $0.11 would be a waste of extensive litigation costs by me, or by anyone else. I hope in the future you and/or whoever authorized this settlement are more astute as proposed settlement agreements are considered.

A retired attorney who is embarrassed by the legal system,

*Clifford Weiler*
Clifford Weiler

**From:** Google Referrer Header Privacy Litigation
**Sent:** Sunday, July 7, 2024 9:19 PM
**To:** clifford.weiler@gmail.com
**Subject:** Your Google Referrer Header Privacy Litigation Prepaid Mastercard is Ready

# You've Received a Virtual Prepaid Card!
# $0.11

**CLIFFORD,**

You have received a Virtual Prepaid Mastercard® worth $0.11 as your Google Referrer Header Privacy Litigation payment. Please follow the directions below to redeem your payment. You can spend these funds online anywhere Mastercard is accepted or add to a digital wallet and use it with Apple Pay, Google Pay, or Samsung Pay.

If you have any remaining balance after 24 months, you may request that a new card with the remaining balance be re-issued to you. If you use your original or reactivated prepaid card at least once every twelve months, you will avoid any inactivity fees. If your card is inactive for twelve consecutive months, a $0.95 fee will be subtracted from your balance for each month thereafter of continued inactivity.

To activate and use your card, please click the REDEEM VIRTUAL CARD button below. After you redeem your card, you may use your card online wherever Mastercard is accepted, add it to a digital wallet and use it with Apple Pay, Google Pay, or Samsung Pay (or in stores that accept mobile wallet Debit Mastercard), or follow the instructions on the Card Details page at MyPrepaidCenter (using the website link below) for assistance with alternative payment options.

PU1EW65NU0PW

Reward Code

# CLIFFORD WEILER

2156 Mergho Impasse
San Diego, CA 92110
Clifford.weiler@gmail.com

July 28, 2023

Class Action Clerk
United States District Court for the Northern District of California
280 South 1st Street
San Jose, CA 95113

RE: In Re Google Referrer Header Privacy Litigation, Case No. 5:10-cv-04809-EJD (N.D. Cal.)
Objection to proposed settlement

To the Court and whom it may concern:

I am a claimant in this case, presuming I have properly completed all the prerequisite procedures. (I am a retired attorney, having practiced for over 40 years, and find the "hoops" necessary to get to this point, incredibly complex and would overwhelm and inhibit any lay person. That alone should warrant rejection of this proposed settlement, but I proceed with more details to fulfill the continued complexities and hinderances.

Per the website's Frequently Asked Questions, section 14:

    (i)    Case name and number, are above.
    (ii)    My ("Objector") contact information, with my signature at the end of this letter:

                Clifford Donald Weiler
                2156 Mergho Impasse
                San Diego, CA 92110
                858-210-2848
                Clifford.weiler@gmail.com

    (iii)    I am not represented by legal counsel (as that would be ridiculous given the small amount to each claimant in the proposed settlement). I am thereby involved as a pro per. But my contact information is:

                Clifford Donald Weiler
                2156 Mergho Impasse
                San Diego, CA 92110
                858-210-2848
                Clifford.weiler@gmail.com

    (iv)    These objections apply to the entire class.

(v)  Given the nature of the alleged violations, the duration of continuing impropriety of the alleged misconduct, the size of the defendant corporation and its profits and cash reserves, and the increasing importance, need for and existence of privacy issues, the individual payout to claimants (who are successful in maneuvering through the prerequisites for filing a claim), the settlement agreement does not provide adequate compensation to individual claimants. It also does not consider at all the damages or potential damages caused by defendant's alleged violation of privacy rights. For example, in California, the right to privacy is an inalienable right, within Article I, section 1 of the state constitution. The small amount provided to each claimant in the proposed settlement invokes concern that this may be a friendly lawsuit to clear the defendant as the plaintiff's team of attorneys receive voluminous fees and costs for basically moving papers around. Had I had the power of discovery, these objections might have been broader and with verification(s). Section 5 of the Frequently Asked Questions estimates the payout to each claimant as approximately $7.70 and "**if they file an Approved Claim.**" [Emphasis by FAQ]; more recently evidently revised to a whopping (?) $8.08. That is ridiculous, especially after going through all the complexities to file; also, rarely would anyone, such as me, go the next step of complexities to file objections. (And the postage going back and forth for this likely exceeds the proposed payout to individuals!)

(vi) I have not objected to any other class action for decades, because none have been this offensive to me.

(vii) Declaration, using the same language that was on the website for payment processing, with the additional elements in FAQ, section 14:

I declare under penalty of perjury that the information on this objection letter is true and correct to the best of my knowledge and belief and that I am qualified to be a member of this class because I believe, after my using Microsoft search, Defendant improperly shared my search queries with third-party websites and companies between October 26, 2006 and September 30, 2013, inclusive. Signed this 28th day of July, 2023, by:

_____
Clifford Weiler

Thank you for consideration of these comments, and hopefully knowing that us "little people" have difficulty challenging the Big Guy, especially if a non-lawyer would be trying to understand all the complex prerequisites to get $8.08. Why even try? (That is rhetorical.) Since I am retired and have the time to address such an unfairness, I have tried to fulfill the complexities to get this far. (I was not a litigator, but represented public school districts throughout California.) If any prerequisite has been omitted or deemed inadequate, I reserve the right to submit further elements.

Sincerely,

Clifford Weiler